[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: January 21, 1994 Date of Application: January 21, 1994 Date Application Filed: February 1, 1994 Date of Decision: November 22, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR7-132222.
Attorney Sue L. Wise, Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner was convicted by plea of guilty to Assault in the First Degree, a violation of CGS § 53a-59(a)(1) a Class B felony carrying a penalty of not less than 1 year nor more than 20 years incarceration and a fine up to $15,000. The penalty imposed by the Court was fifteen years incarceration, execution suspended after eight and one-half years with three years probation (15 years ESA 8 1/2 years and 3 years probation). The petitioner seeks reduction herein of the imposed sentence.
The facts underlying the petitioner's conviction reveal the following: That on or about August 12, 1990, at The Spot Restaurant on East Main Street, Meriden, the petitioner was involved in an altercation and he and another (McDermott) were ejected from the establishment. At closing time the petitioner returned with McDermott and another to the CT Page 470 establishment and the petitioner and McDermott assaulted the victim (David Smith). The petitioner punched Smith and the latter fell to the floor. The petitioner then repeatedly kicked Smith, while Smith lay on the floor, in Smith's head, face and neck even after Smith fell into a state of unconsciousness. Smith suffered a broken neck and traumatic brain injury as a result of the assault.
The attorney for the petitioner did emphasize that months before this incident the petitioner was severely beaten by a perpetrator wielding a baseball bat and that petitioner suffered broken bones about his face. Petitioner was more recently diagnosed as suffering from congenital brain damage which resulted in an impulse control disorder. This condition was augmented and substantially aggravated when the petitioner was assaulted about the head prior to the subject incident. Counsel claims that the medical reports reflect that petitioner was moderately brain damaged at the time of the instant assault and was severely impaired in that the imbibing of alcohol combined with his impulse control disorder did result in violence which was beyond petitioner's ability to control.
Counsel for petitioner contends that the sentencing court did not appropriately consider in mitigation the effect of petitioner's medical condition at the time of sentencing.
Counsel for State indicated that even after the petitioner was diagnosed as having the impulse disorder described he failed to take appropriate steps to curtail his involvement with alcohol and concomitant violent behavior.
The petitioner indicated that heretofore, prior to the diagnosis, he did not comprehend how the alcohol affected him.
The court commented on the vicious nature of the assault and the substantial and long lasting effect of the assault on the victim and his family.
The sentencing court had before it all the medical reports and a sentencing memoranda which petitioner offered in his behalf. The court did review the medical report and did comment upon its content. The court gave consideration to that which was presented by the petitioner as indicated by the Court's remarks and, it is noteworthy, that upon said CT Page 471 considerations, the Court imposed a lesser sentence than the maximum permitted by the plea agreement.
The scope of review of the Division is a limited one. Pursuant to C.P.B. § 942,
 "The division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purposes for which the sentence was intended."
Considering all these factors, the sentence imposed by the Court is neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, J., Norko, J. and Miano, J., participated in this decision.